UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Julian E. Rochester, | ) | Civil Action No.:  6:18-cv-02986-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Lewis, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Julian E. Rochester, a state prisoner proceeding pro se, initiated this action by filing

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  The matter is

before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate

Judge Kevin F. McDonald, who recommends summarily dismissing Petitioner's § 2254 petition as

successive.[1]  *See* ECF No. 9.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with this Court.

*See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo

determination of those portions of the R & R to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit

the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Petitioner has not filed objections to the R & R, and the time for doing so has expired.[2]  In the

absence of objections to the R & R, the Court is not required to give any explanation for adopting the

---

[1]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)(c) (D.S.C.).

[2]     Petitioner's objections were due by December 21, 2018.  *See* ECF No. 13.

Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 12]. The Court **DISMISSES** this action *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina              <u>s/ R. Bryan Harwell</u>
January 10, 2019                 R. Bryan Harwell
                                     United States District Judge